{¶ 48} I must respectfully dissent in this matter, for a significant breach in the right to trial by jury has occurred.
 {¶ 49} During deliberations, a note was forwarded to the judge explaining that "a member of the jury's personal belief will not allow him to vote according to the law and this member of the jury would like the other members of the jury to tell him how to vote." The judge ignored this statement and instructed the jury to continue to deliberate.
 {¶ 50} It is a clear violation of law for a defendant to be convicted of a crime by a jury which has expressed, in writing, an intention to ignore the laws of Ohio. Once that note was delivered to the judge, the court was on notice that an illegal act was occurring in the jury room, and as a matter of law the court had a duty to inquire further. Only through a comprehensive voir dire of the juror, with the parties present, could that juror's service have been continued. If, on inquiry, the juror expressed a willingness to follow the law as stated by the court, then possibly the note could be overlooked. However, there was no inquiry, and therein lies the error.
 {¶ 51} As stated by the Supreme Court of Ohio, "[i]f a juror becomes ill or is otherwise disqualified after the jury has begun its deliberations on guilt or innocence, a mistrial results; the state, however, may then retry the defendant."[1]
 {¶ 52} A juror stating that they will not vote according to the law is automatically disqualified from further service. That is elementary law. A mistrial occurred, as a matter of law, and the conviction must be reversed.
[1] (Citations omitted and emphasis added.) State v. Hutton
(1990), 53 Ohio St.3d 36, 47.